122.  Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

123.  At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 was in full force and effect and applied to the Defendants' conduct.

124.  At all times relevant to this action, the  regulations implementing Section 504 of the Rehabilitation Act, 45 CFR 84.51 et seq were in full force and effect and applied to the Defendant's conduct.

125.  At all times relevant to this action, Plaintiff was and is a "handicapped person" within the meaning of the Rehabilitation Act including its regulations at 28 C.F.R. Part 45 and 45 CFR 84.51.

126.  At all times relevant to this action, Plaintiff was and is an "otherwise qualified individual" within the meaning of the Rehabilitation Act and the regulations promulgated thereunder.

127.  At all times relevant to this action, Defendants City of New York, NYS HHC and Bellevue Hospital Center were recipients of federal funds within the meaning of the Rehabilitation Act.

128.  Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides: "No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance".

129.  Under the federal regulations promulgated pursuant to the Rehabilitation Act, a recipient of federal assistance must provide effective communication by means of auxiliary aids and services including qualified sign language interpreters and TDDs, to deaf

individuals.

130.   Defendants' failure and refusal to ensure effective communication with

and for Plaintiff as hereinbefore alleged constituted discrimination against Plaintiff on the basis

of her disability in violation of Section 504 of the Rehabilitation Act.

131.   Defendants' failure to provide effective communication with and for

Plaintiff as hereinbefore alleged in violation of their obligations under the Rehabilitation Act has

directly injured, and continues to injure, Plaintiff.

132.   Defendants' violations of the Rehabilitation Act mentioned above deprived

plaintiff of the accommodations to which she was entitled and were intentional and the product

of defendants' deliberate indifference to the strong likelihood that their policies and conduct

would likely result in a violation of federally protected rights.

133.   The intentional nature of the violations of the Rehabilitation act on the part

of the defendants City, NYS HHC and Bellevue Hospital Center, and their deliberate indifference

is demonstrated by the fact that their conduct, as hereinbefore alleged, constituted a direct

violation of the provisions of the Rehabilitation Act and its regulations, which statute and

regulations had been in effect since 1973, almost 40 years prior to plaintiff's admission to

Bellevue Hospital Center on June 2, 2012 and defendants have failed to bring themselves into

compliance with the requirements of said statute and its applicable regulations despite that

extraordinary passage of time.

134.   Defendants violated the Rehabilitation Act, and its regulations in failing to

ensure that their services, programs and activities were accessible to qualified individuals with

hearing impairments and plaintiff in particular through the use of appropriate auxiliary aids and

services, including, but not limited to, the provision of qualified sign language interpreters and

TDDs; in failing to provide qualified individuals with a hearing impairment, and plaintiff in particular, with appropriate auxiliary aids and services, including, but not limited to, qualified interpreters and TDDs, when necessary to provide effective communication; in failing to maintain a list of "on-call" qualified sign language interpreters who are available 24 hours a day; in failing to provide plaintiff with a qualified sign language interpreter within a reasonable time after the request was made; and in failing to assure that sign language services would be available 24 hours a day

135.   Defendants violations of the Rehabilitation Act and its applicable regulations as hereinbefore alleged subjected plaintiff to discrimination on the basis of her disability and deprived plaintiff of her right to an equal opportunity to participate in or benefit from the services, programs, or activities of a the defendant hospital facilities and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

136.   Plaintiff has thereby been damaged by the violation of the Rehabilitation Act on the part of the defendants City of New York, NYC HHC and Bellevue Hospital Center and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of this action.

AS AND FOR A FIFTH CAUSE OF ACTION

VIOLATION OF TITLE II OF THE ADA

(CITY OF NEW YORK, NYPD and NYPD POLICE OFFICERS)

(COMPENSATORY & PUNITIVE DAMAGES)

33

137. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

138. At all times relevant to this action, the ADA, 42 U.S.C. §§ 12101, *et seq.* was in full force and effect and applied to defendants' conduct.

139. At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 CFR 35, were in full force and effect and applied to the defendants' conduct.

140  At all times relevant to this action, plaintiff  had a significant hearing and speech impairment and was a qualified individual with a disability within the meaning of Title II of the ADA, 42 U.S.. § 12102(2).

141. At all times relevant to this action, the defendants City of New York and its Police Department were public entities within the meaning of Title II of the ADA.

142. The objective of the ADA is to eliminate discrimination against individuals with disabilities.  Section 202 of the ADA, 42 U.S.C. § 12132 provides that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity".

143. Defendants' failure to provide effective communication with and for Plaintiff in violation of their obligations under the Title II of the ADA has directly injured, and continues to injure, Plaintiff.

144. Defendants' violations of Title II of the ADA deprived plaintiff of accommodations to which she was entitled to by law and intentionally and directly caused

34

Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

145.  Defendants' violations of the ADA deprived plaintiff of the accommodations to which she was entitled and were intentional and the product of defendants' deliberate indifference to the strong likelihood that their policies and conduct would likely result in a violation of federally protected rights.

146.  The intentional nature of the violations of the ADA on the part of the defendant City, its NYPD, and the defendant police officers, and their deliberate indifference is demonstrated by the fact that their conduct, as hereinbefore alleged, constituted a direct violation of the provisions of the aforesaid Consent Decree which had been entered into between the United States and the NYPD, a Consent Decree that had been in effect since November, 2009, some 2 ½ years prior to plaintiff's arrest and confinement.

147.  Defendants violated Title II of the ADA, its regulations and the provisions of the Consent Decree in failing to ensure that their services, programs and activities were accessible to qualified individuals with hearing impairments and plaintiff in particular through the use of appropriate auxiliary aids and services, including, but not limited to, the provision of qualified sign language interpreters and TDDs; in failing to provide qualified individuals with hearing impairments and plaintiff in particular, with the opportunity to place calls through the use of appropriate auxiliary aids and services, including, but not limited to, qualified sign language interpreters and TDDs in a situation where the NYPD would allow a person access to a telephone; in failing to provide qualified individuals with a hearing impairment, and plaintiff in particular, with appropriate auxiliary aids and services, including, but not limited to, qualified

35

interpreters, when necessary to provide effective communication; in failing to maintain a list of "on-call" qualified sign language interpreters who are available 24 hours a day; in failing to provide plaintiff with a qualified sign language interpreter within a reasonable time after the request was made; in failing to assure that sign language services would be available 24 hours a day; in failing to give primary consideration to the requests of qualified individuals with hearing impairments, and plaintiff in particular, in determining what type of auxiliary aid or service is necessary; in failing to provide plaintiff with notice of the availability of auxiliary aids and services for qualified individuals with hearing impairments through the distribution of pamphlets, posters or other appropriate means, including, but not limited to copies of the publication "The Americans with Disabilities Act What You Should Know;" in failing to provide plaintiff with a sign language interpreter who was able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary, in failing to provide plaintiff with an interpreter able to sign to the deaf individual, and plaintiff in particular (or interpret orally to the person what was being said by the hearing person and to voice to the hearing person what was being signed or said by the deaf individual, and plaintiff in particular. In failing to provide plaintiff with an interpreter able to interpret in the language the plaintiff uses; and in providing plaintiff with an interpreter who was not a good communications match for the plaintiff; and in failing to provide plaintiff with communication that was as effective as communication with others who are not deaf or hearing impaired.

148.    Such intent and deliberate indifference is also evidenced by the fact that the ADA has been in effect since 1990, almost 22 years prior to plaintiff's arrest and confinement and defendants have failed to bring themselves into compliance with the requirements of said statute and its applicable regulations despite that extraordinary passage of time.

36

149.  Defendants violations of Title II of the ADA and its applicable regulations as hereinbefore alleged subjected plaintiff to discrimination on the basis of her disability and deprived plaintiff of her right to an equal opportunity to participate in or benefit from the services, programs, or activities of a the defendant hospital facilities and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

150.  Plaintiff has thereby been damaged by the violation of Title II of the ADA on the part of the defendants City of New York, NYPD and the defendant Police Officers and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION

## VIOLATION OF TITLE II OF THE ADA

## (CITY OF NEW YORK, DOC & CORRECTIONS OFFICERS)

## (COMPENSATORY & PUNITIVE DAMAGES)

151.  Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

152.  At all times relevant to this action, the ADA, 42 U.S.C. §§ 12101, *et seq.* was in full force and effect and applied to defendants' conduct.

153.  At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 CFR 35, were in full force and effect and

37

applied to the defendants' conduct.

154. At all times relevant to this action, plaintiff had a significant hearing and speech impairment and was a qualified individual with a disability within the meaning of Title II of the ADA, 42 U.S.. § 12102(2).

155. At all times relevant to this action, the defendants City of New York and its Department of Corrections were public entities within the meaning of Title II of the ADA.

156. The objective of the ADA is to eliminate discrimination against individuals with disabilities. Section 202 of the ADA, 42 U.S.C. § 12132 provides that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity".

157. Defendants' failure to provide effective communication with and for Plaintiff in violation of their obligations under the Title II of the ADA has directly injured, and continues to injure, Plaintiff.

158. Defendants' violations of Title II of the ADA deprived plaintiff of accommodations to which she was entitled to by law and intentionally and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

159. Defendants' violations of the ADA deprived plaintiff of the accommodations to which she was entitled and were intentional and the product of defendants' deliberate indifference to the strong likelihood that their policies and conduct would likely result in a violation of federally protected rights.

38

160.  The intentional nature of the violations of the ADA on the part of the defendant City, its DOC, and the defendant corrections officers, and their deliberate indifference is demonstrated by the fact that the ADA has been in effect since 1990, almost 22 years prior to plaintiff's arrest and confinement and defendants have failed to bring themselves into compliance with the requirements of said statute and its applicable regulations despite that extraordinary passage of time.

161.  Defendants violated Title II of the ADA, and its regulations in failing to ensure that their services, programs and activities were accessible to qualified individuals with hearing impairments and plaintiff in particular through the use of appropriate auxiliary aids and services, including, but not limited to, the provision of qualified sign language interpreters and TDDs; in failing to provide qualified individuals with hearing impairments and plaintiff in particular, with the opportunity to place calls through the use of appropriate auxiliary aids and services, including, but not limited to, qualified sign language interpreters and TDDs in a situation where the NYPD would allow a person access to a telephone; in failing to provide qualified individuals with a hearing impairment, and plaintiff in particular, with appropriate auxiliary aids and services, including, but not limited to, qualified interpreters, when necessary to provide effective communication; in failing to maintain a list of "on-call" qualified sign language interpreters who are available 24 hours a day; in failing to provide plaintiff with a qualified sign language interpreter within a reasonable time after the request was made; in failing to assure that sign language services would be available 24 hours a day; in failing to give primary consideration to the requests of qualified individuals with hearing impairments, and plaintiff in particular, in determining what type of auxiliary aid or service is necessary; in failing to provide plaintiff with notice of the availability of auxiliary aids and services for qualified individuals with hearing

39

impairments through the distribution of pamphlets, posters or other appropriate means, including, but not limited to copies of the publication "The Americans with Disabilities Act What You Should Know;" in failing to provide plaintiff with a sign language interpreter who was able to interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary, in failing to provide plaintiff with an interpreter able to sign to the deaf individual, and plaintiff in particular (or interpret orally to the person what was being said by the hearing person and to voice to the hearing person what was being signed or said by the deaf individual, and plaintiff in particular. In failing to provide plaintiff with an interpreter able to interpret in the language the plaintiff uses; and in providing plaintiff with an interpreter who was not a good communications match for the plaintiff; and in failing to provide plaintiff with communication that was as effective as communication with others who are not deaf or hearing impaired.

162.  Defendants violations of Title II of the ADA and its applicable regulations as hereinbefore alleged subjected plaintiff to discrimination on the basis of her disability and deprived plaintiff of her right to an equal opportunity to participate in or benefit from the services, programs, or activities of a the defendant hospital facilities and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

163.  Plaintiff has thereby been damaged by the violation of Title II of the ADA on the part of the defendants City of New York, DOC and the defendant Corrections Officers and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of

this action.

AS AND FOR A SEVENTH CAUSE OF ACTION

VIOLATION OF TITLE II OF THE ADA

(THE STATE OF NEW YORK and OCA)

(COMPENSATORY & PUNITIVE DAMAGES)

164.    Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

165.    At all times relevant to this action, the ADA, 42 U.S.C. §§ 12101, *et seq.* was in full force and effect and applied to defendants' conduct.

166.    At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 CFR 35, were in full force and effect and applied to the defendants' conduct.

167.    At all times relevant to this action, plaintiff had a significant hearing and speech impairment and was a qualified individual with a disability within the meaning of Title II of the ADA, 42 U.S.. § 12102(2).

168.    At all times relevant to this action, the defendants The State of New York and New York State Office of Court Administration were public entities within the meaning of Title II of the ADA.

169.    The objective of the ADA is to eliminate discrimination against individuals with disabilities.  Section 202 of the ADA, 42 U.S.C. § 12132 provides that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs or activities of a public entity, or be subjected

41

to discrimination by any such entity".

170.  Defendants' failure to provide effective communication with and for Plaintiff in violation of their obligations under the Title II of the ADA has directly injured, and continues to injure, Plaintiff.

171.  Defendants' violations of Title II of the ADA deprived plaintiff of accommodations to which she was entitled to by law and intentionally and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

172.  Defendants' violations of the ADA deprived plaintiff of the accommodations to which she was entitled and were intentional and the product of defendants' deliberate indifference to the strong likelihood that their policies and conduct would likely result in a violation of federally protected rights.

173.  The intentional nature of the violations of the ADA on the part of the defendants The State of New York and the New York State Office of Court Administration, and their deliberate indifference is demonstrated by the fact that the ADA has been in effect since 1990, almost 22 years prior to plaintiff's court appearance on June 3, 2012 and defendants have failed to bring themselves into compliance with the requirements of said statute and its applicable regulations despite that extraordinary passage of time.

174.  Defendants violated Title II of the ADA, and its regulations in failing to ensure that their services, programs and activities were accessible to qualified individuals with hearing impairments and plaintiff in particular through the use of appropriate auxiliary aids and services, including, but not limited to, the provision of qualified sign language interpreters; in

42

failing to provide qualified individuals with a hearing impairment, and plaintiff in particular, with appropriate auxiliary aids and services, including, but not limited to, qualified interpreters, when necessary to provide effective communication; in failing to maintain a list of "on-call" qualified sign language interpreters who are available 24 hours a day; in failing to provide plaintiff with a qualified sign language interpreter within a reasonable time after the request was made; and in failing to assure that sign language services would be available 24 hours a day

175.  Defendants violations of Title II of the ADA and its applicable regulations as hereinbefore alleged subjected plaintiff to discrimination on the basis of her disability and deprived plaintiff of her right to an equal opportunity to participate in or benefit from the services, programs, or activities of a the defendant public entities and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff  has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

176.  Plaintiff has thereby been damaged by the violation of Title II of the ADA on the part of the defendants The State of New York and the New York State Office of Court Administration and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of this action.

AS AND FOR A EIGHTH CAUSE OF ACTION

VIOLATION OF TITLE II OF THE ADA

(CITY OF NY, NYCHHC & BELLEVUE MEDICAL CENTER)

(COMPENSATORY & PUNITIVE DAMAGES)

177.  Plaintiff repeats and reiterates each and every allegation contained in the

43

preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

178.  At all times relevant to this action, the ADA, 42 U.S.C. §§ 12101, *et seq.* was in full force and effect and applied to defendants' conduct.

179.  At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 CFR 35, were in full force and effect and applied to the defendants' conduct.

180.  At all times relevant to this action, plaintiff had a significant hearing and speech impairment and was a qualified individual with a disability within the meaning of Title II of the ADA, 42 U.S.. § 12102(2).

181.  At all times relevant to this action, the defendants City of New York, NYCHHC and Bellevue Hospital Center were public entities within the meaning of Title II of the ADA.

182.  The objective of the ADA is to eliminate discrimination against individuals with disabilities.  Section 202 of the ADA, 42 U.S.C. § 12132 provides that "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity".

183.  Defendants' failure to provide effective communication with and for Plaintiff in violation of their obligations under the Title II of the ADA has directly injured, and continues to injure, Plaintiff.

184.  Defendants' violations of Title II of the ADA deprived plaintiff of accommodations to which she was entitled to by law and intentionally and directly caused

44

Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

185.  Defendants' violations of the ADA deprived plaintiff of the accommodations to which she was entitled and were intentional and the product of defendants' deliberate indifference to the strong likelihood that their policies and conduct would likely result in a violation of federally protected rights.

186.  The intentional nature of the violations of the ADA on the part of the defendants City of New York, NYCHHC and Bellevue Hospital Center, and their deliberate indifference is demonstrated by the fact that the ADA has been in effect since 1990, almost 22 years prior to plaintiff's hospital admission June 2, 2012 and defendants have failed to bring themselves into compliance with the requirements of said statute and its applicable regulations despite that extraordinary passage of time.

187.  Defendants violated Title II of the ADA, and its regulations in failing to ensure that their services, programs and activities were accessible to qualified individuals with hearing impairments and plaintiff in particular through the use of appropriate auxiliary aids and services, including, but not limited to, the provision of qualified sign language interpreters and TDDs; in failing to provide qualified individuals with a hearing impairment, and plaintiff in particular, with appropriate auxiliary aids and services, including, but not limited to, qualified interpreters and TDDs, when necessary to provide effective communication; in failing to maintain a list of "on-call" qualified sign language interpreters who are available 24 hours a day; in failing to provide plaintiff with a qualified sign language interpreter within a reasonable time after the request was made; and in failing to assure that sign language services would be available

45

24 hours a day

188.   Defendants violations of Title II of the ADA and its applicable regulations as hereinbefore alleged subjected plaintiff to discrimination on the basis of her disability and deprived plaintiff of her right to an equal opportunity to participate in or benefit from the services, programs, or activities of a the defendant hospital facilities and directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

189.   Plaintiff has thereby been damaged by the violation of Title II of the ADA on the part of the defendants City of New York, NYC HHC and Bellevue Hospital Center and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of this action.

AS AND FOR A NINTH CAUSE OF ACTION

VIOLATION OF THE NYS HUMAN RIGHTS LAW

(ALL DEFENDANTS)

(COMPENSATORY & PUNITIVE DAMAGES)

190.   Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

191.   At all times relevant to this action, the New York State Human Rights Law, Executive Law Article 15, was in full force and effect and applied to the Defendants' conduct.

192.   At all times relevant to this action, Plaintiff had a significant hearing

impairment and related speech impairment and is a "person with a disability" within the meaning of the NYS Human Rights Law..

193. The New York State Human Rights Law prohibits discrimination on the basis of disability.

194. Defendants' failed and refused to ensure effective communication with and for Plaintiff as hereinbefore alleged

195. Defendants' failure and refusal to ensure effective communication with and for Plaintiff as hereinbefore alleged constituted discrimination against her on the basis of disability in violation of the NYS Human Rights Law.

196. Defendants' failure to provide effective communication with and for Plaintiff as hereinbefore alleged in violation of their obligations under the NYS Human Rights Law has directly injured, and continues to injure, Plaintiff.

197. Defendants' violations of the NYS Human Rights Law mentioned above directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

198. Plaintiff has thereby been damaged by the defendants' violations of the New York State Human Rights Law and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION

## VIOLATION OF THE NYC HUMAN RIGHTS LAW

## (ALL DEFENDANTS)

47

199. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

200. At all times relevant to this action, the New York City Human Rights Law was in full force and effect and applied to the Defendants' conduct.

201. At all times relevant to this action, Plaintiff had a significant hearing impairment and related speech impairment and was afflicted with Parkinson's Disease and was and is a "person with a disability" within the meaning of the NYC Human Rights Law..

202. The New York City Human Rights Law prohibits discrimination on the basis of disability.

203. Defendants' failed and refused to ensure effective communication with and for Plaintiff as hereinbefore alleged

204. Defendants' failure and refusal to ensure effective communication with and for Plaintiff as hereinbefore alleged constituted discrimination against him on the basis of disability in violation of the NYC Human Rights Law.

205. Defendants' failure to provide effective communication with and for Plaintiff as hereinbefore alleged in violation of their obligations under the NYC Human Rights Law has directly injured, and continues to injure, Plaintiff.

206. Defendants' violations of the NYC Human Rights Law mentioned above directly caused Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

207. In compliance with the notice requirements of the New York City Human

48

Rights Law, Section 8-502 ( c ) of the Administrative Code of the City of New York, within 10 days of the commencement of this action, plaintiff will serve a copy of this Complaint upon representative designated by the city  commission  on human rights and the corporation counsel as authorized to receive copies of complaints in actions commenced in whole or in part pursuant to subdivision a of Section 8-502 of the NYC Administrative Code.

208. Plaintiff has thereby been damaged by the defendants' violations of the New York State Human Rights Law and demands compensatory damages in the sum of Five Million Dollars and punitive damages in the sum of One Million Dollars and together with attorneys' fees and the costs and disbursements of this action.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

## VIOLATIONS OF 42 U.S.C. 1983

## (DEFENDANTS BONNER, ALMANZAR, CHEN & CASCONE

## AND NYPD POLICE OFFICERS "JOHN DOE # 1 -5")

209. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

210. The defendant Police Officers, by their conduct as hereinbefore alleged, have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 U.S.C. 1983 and the Constitution and Laws of the United States.

211. In depriving plaintiff of the reasonable accommodations to which she was entitled in order to be able to engage in effective communication during the period of detention as hereinbefore alleged, the defendants, acting under color of law, wrongfully and maliciously and intentionally deprived plaintiff of her right to liberty without due process of law in violation

49

of the Fifth and Fourteenth Amendments to the United States Constitution.

212.  In falsely reporting that plaintiff had refused to submit to a chemical breath test and thereby causing plaintiff to have her license immediately confiscated and suspended, and endangered plaintiff's ability to obtain a reduction in the charges against her from a misdemeanor DWI to a non criminal DWAI violation, defendants, acting under color of law, wrongfully and maliciously and intentionally deprived plaintiff of her right to property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

213.  In depriving plaintiff of the reasonable accommodations of assistive communication devices for the deaf and a sign language interpreter to which she was entitled in order to be able to engage in effective communication during the period of detention as hereinbefore alleged, the defendants, acting under color of law, wrongfully and maliciously and intentionally deprived plaintiff of her right to counsel in violation of the Sixth Amendment to the United States Constitution.

214.  In depriving plaintiff of the reasonable accommodations of assistive communication devices for the deaf and a sign language interpreter to which she was entitled in order to be able to engage in effective communication during the period of detention as hereinbefore alleged, defendants, acting under color of state law, subjected plaintiff to disparate treatment on the basis of disability thereby denying plaintiff her right to equal protection of the laws under the Fourteenth Amendment to the Constitution.

215.  In subjecting plaintiff to discrimination and disparate treatment on the basis of disability, defendants, acting under color of law, deprived plaintiff of her statutory rights under the Rehabilitation Act and the ADA to be free from discrimination on the basis of disability and of her statutory right under the Rehabilitation Act and the ADA to equal opportunity to

participate in or benefit from the services, programs, or activities of a public entity.

216.  In depriving plaintiff of her right to the reasonable accommodation of a sign language interpreter during her confinement and thereby delaying plaintiff's arraignment, defendants, acting under color of law, deprived plaintiff of her right of access to the Courts in violation of plaintiff's due process and equal protection rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

217.  Plaintiff has thereby been damaged in the sum of Five Million Dollars.  In addition, because the defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks One Million Dollars in punitive damages.

## AS AND FOR A TWELFTH CAUSE OF ACTION

### VIOLATIONS OF 42 U.S.C. 1985

### (DEFENDANTS BONNER, ALMANZAR, CHEN & CASCONE

### AND NYPD POLICE OFFICERS "JOHN DOE # 1 -5")

218.  Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

219.  In engaging in their unlawful discriminatory acts as hereinbefore alleged, the defendant police officers engaged in a joint venture and conspiracy.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

220.  In so acting as hereinbefore alleged, the defendant police officers, acting under color of law and in violation of 42 U.S.C. 1985 engaged in a conspiracy for the purpose of depriving plaintiff of the equal protection of the laws and the equal privileges and immunities under the laws and for the purpose of hindering the constituted authorities of the State from giving or securing the persons within the State, and plaintiff in particular, the equal protection of the laws and thereby injured plaintiff

in her person and property and deprived plaintiff of having and exercising her rights and privileges as a citizen of the United States.

221. Plaintiff has thereby been damaged in the sum of Five Million Dollars. In addition, because the defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks One Million Dollars in punitive damages.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

### VIOLATIONS OF 42 U.S.C. 1983

#### MUNICIPAL LIABILITY

222.. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

223. The City of New York and the former and current Police Commissioners and Commissioners of Corrections are liable for the damages suffered by plaintiff as result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

224. The City, the former Police Commissioner and the former Commissioner of Corrections knew or should have known of their employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above, as well as their inability to effectively communicate with deaf and hearing and speech impaired persons and their discriminatory attitude and behavior towards such persons..

225. The aforesaid event was not an isolated incident. The City, the former Police Commissioner and the former Corrections Commissioner were and are aware from complaints filed with the Civilian Complaint Review Board and the U.S. Department of Justice that many of

their police officers are insufficiently trained on the proper basis for an arrest and the proper treatment of deaf and hearing impaired individuals being subjected to arrest.  . The City, former Police Commissioner and former Corrections Commissioner were further aware from the same sources, that a "wall of silence" exists by which police officers mistreat citizens, and deaf and hearing impaired citizens in particular, without fear of reprisal. The City, former Police Commissioner and former Corrections Commissioner failed to discipline officers for not reporting fellow officers' misconduct that they have observed, and they failed to discipline officers for making false statements to disciplinary agencies. Additionally, the City, former Police Commissioner and former Corrections Commissioner have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiffs civil rights, without fear of reprisal.

226.  The City, the Police Commissioner and the Corrections Commissioner knew or should have known that the officers who discriminated against plaintiff and caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Commissioners failed to take corrective action.

227.  The City the former Police Commissioner and the former Corrections Commissioner  have failed to take the necessary steps to discipline, train, supervise or otherwise correct the improper, illegal and discriminatory conduct of the individual defendant in this and in similar cases involving misconduct and discrimination.

53

228.  The above described policies and customs demonstrate a deliberate indifference on the part of policy makers of New York City and the former Police Commissioner and the former Corrections  Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs rights herein alleged.

229.  Defendants City of New York, the former Police Commissioner and the former Corrections Commissioner  have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, correct the illegal and improper and discriminatory acts of their employees, agents or servants in this and in similar cases involving police misconduct.

230..  Plaintiff has been damaged as a result of the wrongful, negligent and illegal actions of the City, the Police Commissioner and the Corrections Commissioner in the amount of Five Million dollars. Because of the egregious nature of the discrimination and violations of law, plaintiff is also entitled to Punitive Damages in the sum of One Million Dollars.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

### (VIOLATION OF TITLE II OF THE ADA)

### (INJUNCTIVE RELIEF)

231.  Plaintiff repeats and reiterates each and every allegation contained the preceding paragraphs of the Complaint with the same force and effect as if more fully set forth at length herein.

232.  Defendants' failure to provide effective communication with and for Plaintiff in violation of their obligations under the ADA has directly injured, and continues to injure, Plaintiff.

233.  Defendants' violations of the ADA mentioned above deprived plaintiff of accommodations to which he was entitled to by law and intentionally and directly caused

54

Plaintiff to sustain past and continuing physical and emotional injuries. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' patterns and practices of discrimination.

234. Defendants will not be harmed if ordered to comply with their pre-existing obligations under the ADA. The public interest supports entry of appropriate injunctive relief.

235. Plaintiff has thereby been damaged and requests appropriate injunctive relief which will compel defendants to comply with their pre-existing obligations under the ADA.

236. Such injunctive relief should compel the defendants City of New York, NYPD, NYC DOC, NYC HHC, the State of New York and OCA to comply with the ADA by complying with the same terms and provisions that were set forth in the aforesaid November 2009 Consent Decree between he United States and the NYPD.

237. Plaintiff thereby requests injunctive relief in the form hereinbefore described together with attorneys' fees and the costs and disbursements of this action.

RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally in the sum of Five Million Dollars Compensatory Damages and One Million Dollars Punitive Damages on each of the First through Fifteenth causes of Action; and Plaintiff demands injunctive relief as hereinbefore described in the Sixteenth cause of Action, all together with attorneys fees and the costs and disbursements of this action.

CONTINUED ON NEXT PAGE

JURY DEMAND

Plaintiff demands Trial by Jury of all causes of action so triable.

Dated: Syosset, NY
      June 1, 2015

RALPH G. REISER, ESQ. (rr6700)
Attorney for Plaintiff
3 Walnut Drive
PO Box 171
Syosset, NY 11791
516-496-9745
516-496-9754 TDD/FAX
516-638-6130 VP
Reiserlaw@aol.com

UNITED STATES DISTRICT COURT                    DOCKET NO.
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN JONES,

                                                                    Plaintiff,

            against

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, FORMER NYPD POLICE COMMISSIONER RAYMOND
W. KELLY, NYPD POLICE COMMISSIONER WILLIAM J. BRATTON, NYPD
 POLICE OFFICER JOSEPH BONNER, NYPD POLICE OFFICER MANUEL
ALMANZAR, NYPD POLICE OFFICER"JOHN" CHEN (Shield # 11880,
first name being fictitious),NYPD POLICE OFFICER "JOHN" CASACONE
(Shield # 12233, first name being fictitious), NYPD POLICE OFFICERS
"JOHN DOE # 1 through 5", THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS, FORMER NYC CORRECTIONS COMMISSIONER DORA
B. SCHRIRO, NYC CORRECTIONS COMMISSIONER JOSEPH PONTE,
NEW YORK CITY CORRECTIONS OFFICERS "JOHN DOE # 6- 15",
BELLEVUE HOSPITAL CENTER, NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION, THE STATE OF NEW YORK AND THE
NEW YORK STATE OFFICE OF COURT ADMINISTRATION, all named
Defendants being sued in their individual and official capacities,

                                                                    Defendants.

---

COMPLAINT

---

**RALPH G. REISER, ESQ. (rr6700)**
     **Attorney for Plaintiff**
     **Office and P.O. Address**
     **3 Walnut Drive**
     **P.O. Box 171**
     **Syosset, N.Y. 11791**
     **(516) 496-9745**
     **(516) 496-9754 Fax**
     **(516) 628-6130 VP**
     **Reiserlaw@aol.com**